UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-228 (LMP)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RONNIE WILLIAMS,

    Defendant.

**GOVERNMENT'S SENTENCING MEMORANDUM**

For the following reasons, the United States recommends that Defendant Ronnie Williams receive a term of imprisonment of 15 months, which is at the low end of the guidelines range. The United States believes that such a sentence is sufficient, but not greater than necessary, to comport with the Section 3553(a)(2) sentencing factors.

### I.    Relevant Facts

#### A. Offense Conduct

Williams was charged on June 10, 2025, in a one-count Information charging him with Conspiracy to Engage in Voter Registration Fraud, in violation of 18 U.S.C. § 371 and 52 U.S.C. § 20511(2)(A). Williams entered a guilty plea pursuant to a plea agreement on July 8, 2025. The circumstances of the offense are set forth in the Presentence Investigation Report (the "PSR," ECF No. 16).

In 2021, Williams was conducting paid voter outreach work in the Twins Cities area for an organization called Men Against Destruction Defending Against Drugs and Social-Disorder. Through his work in voter outreach, Williams was connected to

the president of a non-profit entity involved in voter registration, Foundation 1. Foundation 1 also conducted paid voter outreach in the Twins Cities. Foundation 1 used Williams as a paid contractor to provide the foundation with completed voter registration applications.

At the time, Williams was in a romantic relationship with his co-conspirator and co-defendant Lorraine Combs. Williams and Combs worked together to fabricate and ultimately submit false voter registration applications. Although they worked together, Williams was the leader of the scheme, coming up with the idea and directing the conduct.

Williams and Combs used the telephone book and local street names to create fictitious identities that they listed in the fraudulent voter registration applications. Williams and Combs then filled out the voter registration applications using these fictitious, fabricated or unauthorized names. Thereafter, Williams and Combs submitted the fraudulent voter registration applications to Foundation 1 as purported actual or real voter registration applications. Williams received compensation from Foundation 1 in exchange for these fraudulent voter registration applications, and he provided a cut of that compensation to Combs for her assistance.

For example, Williams and Combs fabricated and submitted a voter registration application in the name of "Harry Jhonson"—a person that did not exist and did not submit an actual application to vote. The application contained information for the purported individual, which was filled in by Williams and Combs. The application was also signed by the purported individual, again, which was

actually signed by Williams and Combs. In total, Williams and Combs submitted as many as 500 fraudulent voter registration applications to Foundation 1, which were in turn submitted to county election offices (although no votes were ever cast because of these fraudulent applications, because the county election offices alerted the FBI about the fraud).

### B. Defendant's Guidelines Calculation

When calculating the defendant's advisory guidelines for the purpose of sentencing, the parties and the U.S. Probation Office ("USPO") concur that: (1) the defendant's total offense level is 10 pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") *See* PSR. Based on this calculation, the advisory Guidelines term of imprisonment range is 15 to 21 months.

### Defendant's Criminal History

Williams has a very lengthy criminal history, although many of the underlying offenses are outside of the time period to provide criminal history points. Many of the older convictions are retail theft or lower level drug convictions. He also has a conviction for more significant crimes, like burglary, aggravated battery, and felony retail theft. Based on his criminal history, Williams falls into criminal history category IV.

### C. Defendant's Personal History

Williams grew up in a large family in Chicago. Generally speaking, Williams had a positive childhood. His parents, frequent churchgoers, were loving and

supportive. They provided him with everything that he needed and he had a stable upbringing.

## II. Argument

### A. Legal Background

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[U]nder the advisory guidelines scheme, sentencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." *United States v. Scott*, 448 F.3d 1040, 1043 (8th Cir. 2006).

"[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49-50; 18 U.S.C. § 3553(a). The Section 3553(a) factors include "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

### B. The Appropriate Sentence

A careful consideration of the Section 3553(a) factors warrants a guidelines sentence.

#### 1. The Nature and Circumstances of the Offense.

Williams's conduct was unquestionably serious and warrants a correspondingly significant sentence. He submitted fictitious, false, and fraudulent

4

voter registration applications to a non-profit entity, understanding that they would be submitted to county election offices. He undermined the public trust in an important public function and did so to make money. Williams was the leader of the conspiracy. He hatched the criminal scheme, and brought in his co-defendant. Williams's serious conduct deserves a correspondingly serious sentence.

    2.    <u>The History and Characteristics of the Defendant.</u>

There is nothing about Williams's upbringing that would have suggested he would one day participate in a serious voter fraud scheme. He came from a stable and loving family. However, Williams has spent much of his adult life living a life of crime.

Although the vast majority of his crimes have been non-violent property crimes, none of the previous sentences he has received have deterred his ongoing criminal conduct. In fact, this offense is among the more serious offenses he stands convicted of. Rather than working hard to provide for himself through legitimate jobs, Williams turned to the present criminal conduct to fraudulently make money.

    3.    <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Afford Adequate Deterrence</u>

Given the seriousness of the offense, Williams's misconduct requires a significant sentence. General deterrence is necessary to demonstrate the importance of laws prohibiting voter fraud. It is of paramount importance to ensure that the voting system is not corrupted by individuals, like Williams, trying to make money through submitting fraudulent voter registration applications. Every time a voting fraud scheme occurs or a fraudulent voter registration application in submitted, it undermines confidence in the integrity of the voting system. Williams and others are

more likely to be deterred from abusing this system if they learn they will pay a stiff price for it. A significant sentence will promote respect for the law and reflect the serious consequences to the community, as well as the break down in public trust, when voter fraud takes place.

A sentence of 15 months imprisonment, which is at the low end of the guidelines range, will serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public.

### III. Conclusion

For all the above reasons, the United States respectfully requests that the Court impose a sentence of 15 months imprisonment.

Respectfully submitted,

Dated: November 4, 2025

DANIEL N. ROSEN
United States Attorney

/s/ *Harry M. Jacobs*

BY: HARRY M. JACOBS
Assistant U.S. Attorney

EDWARD P. SULLIVAN
Acting Chief, Public Integrity Section
U.S. Department of Justice